CHARLES B. PATTON & another *vs.* JOHN BELL.

Suffolk. Jan. 20. — Feb. 25, 1886. MORTON, C. J., DEVENS & GARDNER, JJ., absent.

In an action for money had and received, for fifteen tons of hay at $15 per ton, the evidence tended to show that the defendant received a little over fifteen tons of hay to sell for the plaintiff on a commission of one dollar per ton; that the hay was worth about $17 per ton; that the defendant sold one small lot of it at the rate of $17 per ton, and another small lot at the rate of $18 per ton; that he said he was getting pretty good prices by selling it in small lots; that at another time he said that it was all sold, but that there were a few small accounts which he had not then collected; and that the plaintiff could never get an account from the defendant of the hay. The defendant was present at the trial, but did not testify, and offered no evidence. *Held,* that the evidence was sufficient to support a finding for the full amount claimed.

At the trial of an action for money had and received, for a lot of hay delivered by the plaintiff to the defendant to sell on commission in B., the plaintiff — who had testified that the hay was cut and baled under his direction, at an island in the harbor of B., that he had been buying, selling, and cutting hay for fifteen or twenty years, that he was in the hay business for years in another State, and had handled as much hay as any man of his years, and that he now cut and sold hay at his farm near B. — was allowed to testify what the hay in question was worth per ton. *Held,* that the defendant had no ground of exception.

CONTRACT. The declaration contained two counts, the first count being on an account annexed, for fifteen tons of hay at

$15 per ton; and the second for $225, money had and received. Trial in the Superior Court, without a jury, before *Blodgett*, **J.**, who allowed a bill of exceptions, in substance as follows:

The plaintiff Patton testified as follows: " In the summer of 1883 I was a member of the firm of C. B. Patton and Company, my partner being P. J. Daly. We had a lease of Long Island, and ran the hotel there for the summer; also cut and baled the hay grown on the island. Some time in September I called at the place of the defendant, a hay-dealer in Boston, and saw a young man in charge, and told him that our firm had some hay we wanted sold; he said, ' All right, send it along, and we 'll sell it at one dollar per ton commission.' We sent one hundred and eleven bales, and I superintended the delivery of it, and was there all the time, and we paid the teaming. Afterwards I saw the defendant; he said he had got the hay, and that the arrangement I made with the young man was all right about selling it for one dollar per ton; also, that he had sent his own team over and got thirteen bales, weighing $1\frac{3}{4}$ tons. That made one hundred and twenty-four bales in all delivered to him. The hay was baled at Long Island, under my supervision and direction; it was baled so as to weigh eight bales to the ton. I have been buying, selling, and cutting hay for fifteen or twenty years, was in the hay business for years in Louisville, Kentucky, and have handled as much hay as any man of my age. I cut, buy, and sell hay now, at my farm in Walpole. This hay was worth about $17 per ton. After the hay was sent, I called on the defendant two or three times for an account; the last time I called, he told me that the hay was not all sold. I went to the storehouse, and a little lot of loose hay was shown me; it was not our hay. I saw none of ours there. At one of my visits to the defendant's store, I saw him sell one small lot at the rate of $17 per ton, and another small lot at the rate of $18 per ton. He said he was getting pretty good prices by selling it in small lots. I never could get an account from him about the hay. There never was any question raised about the amount of hay he got until yesterday, when he claimed that he only received one hundred and eleven bales. I told him that I thought he was mistaken; that he had not credited me with the thirteen bales he took by his own team. We had nothing to do about storing the hay; a

commission merchant always attends to that if he has not got a place of his own. The hay was weighed on city scales, the day it was delivered to the defendant, for the purpose of paying for the teaming, as we paid by the hundred-weight."

The defendant objected to the admission of the testimony of Patton, as to the market value of the hay; but the objection was overruled.

Patrick J. Daly, the other plaintiff, testified as follows : " Was a partner with C. B. Patton, as C. B. Patton & Co. Leased Long Island for the summer of 1883 ; ran the hotel and cut hay there. The defendant was at the island several times during the summer. I was introduced to him by Patton as his partner. Hay was baled at the island; was there in early part of baling; bales weighed two hundred and fifty pounds. Was then taken sick. Know nothing about delivery of hay to the defendant. In November, called a number of times on the defendant for an account. Never could get one. On December 5, rendered the defendant a statement for one hundred and twenty-four bales of hay, and asked for a settlement. He made no objection, but said he had not sold all the hay. After that, and before this suit was begun, I called on him again, and could not get any account. He said the hay was all sold, but there were a few small accounts he had not collected yet."

The defendant was present at the trial, but did not testify, and offered no evidence.

At the close of the plaintiffs' case, the defendant asked the judge to rule that, upon all the evidence, the plaintiffs could not maintain their action; and that the plaintiffs could in no event recover a sum in excess of $14 per ton. But the judge declined so to rule; and found for the plaintiffs in the sum of $225, and interest from the date of the writ. The defendant alleged exceptions.

*B. C. Moulton,* for the defendant.

*J. H. Burke,* for the plaintiffs, was not called upon.

C. ALLEN, J. The evidence was amply sufficient to support the second count. It tended to show that the defendant received a little over fifteen tons of hay to sell for the plaintiffs, on a commission of one dollar per ton ; that the hay was worth about $17 per ton ; that the defendant sold one small lot of it at the

rate of $17 per ton, and another small lot at the rate of $18 per ton; that he said he was getting pretty good prices by selling it in small lots; that at another time he said that it was all sold, but that there were a few small accounts he had not then collected; and that the plaintiffs never could get an account from the defendant of the hay. It also appeared that the defendant was in court, but did not testify, and offered no evidence. From this it might well be inferred that he had received as much as $15 a ton, besides his commission, for fifteen tons.

Nor can we see that it was the duty of the judge to reject Patton's opinion of the value of the hay. Even if Patton's qualifications were doubtful, we should be slow to revise the decision of the judge; but that decision appears to have been correct. *Exceptions overruled.*